IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIK ERKINS, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS |
| Dorothy Brown, Cook County, and ) | |
| Unknown Number of Unnamed ) | |
| Employees of the Illinois Department of ) | |
| Corrections, ) | **JURY DEMANDED** |
| ) | |
| Defendants. | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983), and Illinois law. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 , 1331 and 1367.

2. Venue is founded in this judicial court as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Malik Erkins was and is a citizen of the United States, and was within the jurisdiction of this court.

4. Defendant Dorothy Brown is being sued in her capacity as the elected Clerk of the Circuit Court of Cook County, Illinois, and in that capacity maintained, managed, and/or operated the Office of the Clerk of the Circuit Court of Cook County, and its employees (hereinafter "Dorothy Brown's Office").

5. At all times herein mentioned, Cook County was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. Cook County is named as a defendant for indemnification purposes only.

6. At all times herein mentioned, an unknown number of unnamed employees of the Illinois Department of Corrections ("Unknown Employees") were employed by the Illinois Department of Corrections (hereinafter "IDOC"), and were acting under color of state law and as the employees, agents or representatives of the Illinois Department of Corrections. These employees are being sued in their individual capacities. Upon discovery of their identities, plaintiff will amend the complaint to add them as defendants.

## FACTUAL ALLEGATIONS

7. On or about June 5, 2014, a Judge of the Circuit Court of Cook County sentenced plaintiff to a period of incarceration in the IDOC.

8. Plaintiff was sentenced to serve three (3) years in case number 13 CR 1799402, and he was sentenced to serve three (3) years in case number 13 CR 1798402. These terms of imprisonment were to be served concurrently.

9. As of June 5, 2014, plaintiff was entitled to receive credit of 337 days for time already served towards his sentences entered in case numbers 13 CR 1799402 and 13 CR 1798402.

10. Pursuant to 730 ILCS 5/5-4-1(e) Dorothy Brown's Office had a ministerial duty to transmit to the IDOC the sentence imposed on plaintiff, and "the number of days, if any, which [plaintiff] has been in custody and for which he is entitled to credit against the sentence …"

11. However, Dorothy Brown's Office breached this ministerial duty when transmitting information regarding sentencing information relating to case no. 13 CR 1798402. Specifically,

2

Dorothy Brown's Office failed to inform the IDOC that plaintiff was entitled to any days of credit towards the three (3) year sentence entered in 13 CR 1798402.

12. After entering the custody of the IDOC's Stateville facility in Joliet, Illinois an Unknown Employee of the IDOC calculated plaintiff's "projected out date" for the three (3) year sentence entered in 13 CR 1798402. This calculation did not include any credit for time served, and concluded that plaintiff was not entitled to be released until December 5, 2015. Plaintiff learned of this calculation on or about July 21, 2014.

13. On or about July 24, 2014, plaintiff was transferred to the IDOC's Robinson facility in Robinson, Illinois. On that date an Unknown Employee calculated plaintiff's "projected out date" for the three (3) year sentence entered in 13 CR 1798402. This calculation did not include any credit for time served, and concluded that plaintiff was not entitled to be released until December 5, 2015.

14. On September 23, 2014, Dorothy Brown's Office received written notice from plaintiff that it had failed to inform the IDOC that plaintiff was entitled to 337 days of credit towards the three (3) year sentence entered in 13 CR 1798402. Plaintiff requested that Dorothy Brown's office transmit this information to the IDOC.

15. Dorothy Brown's office did not respond to this written notice.

16. On November 12, 2014, Dorothy Brown's office received a motion filed by plaintiff requesting that an order be entered requiring the IDOC to give him credit for time served of 337 days when calculating his "projected out date" for the three (3) year sentence entered in 13 CR 1798402.

17. Dorothy Brown's office mailed a letter to plaintiff dated February 11, 2015, informing him that on January 30, 2015, a Judge in the Circuit Court of Cook County entered an

order indicating that plaintiff was to receive credit for time served of 516 days towards the three (3) year sentence entered in 13 CR 1798402.

18. Pursuant to 730 ILCS 5/5-4-1(e) Dorothy Brown's Office had a ministerial duty to transmit to the IDOC the information contained in the January 30, 2015, order indicating that plaintiff was to receive credit for time served of 516 days towards the three (3) year sentence entered in 13 CR 1798402. Plaintiff is informed and believes, and alleges thereon that Dorothy Brown's office breached this ministerial duty and did not transmit any information contained in the January 30, 2015 order to the IDOC.

19. In the alternative, Dorothy Brown's office did transmit to the IDOC the information contained in the January 30, 2015, order indicating that plaintiff was to receive credit for time served of 516 days towards the three (3) year sentence entered in 13 CR 1798402, but Unknown Employees of the IDOC did, with deliberate indifference to plaintiff's constitutional rights, falsely claim to plaintiff that they did not receive this information from Dorothy Brown's office, and refused to use this information to recalculate plaintiff's "projected out date" to account for time served.

20. Plaintiff was informed by an Unknown Employee of the IDOC that the agency had not received information directly from Dorothy Brown's office the information contained in the January 30, 2015, order indicating that plaintiff was to receive credit for time served of 516 days towards the three (3) year sentence entered in 13 CR 1798402.

21. On February 11, 2015, plaintiff mailed a motion to Dorothy Brown's Office requesting that the IDOC be provided with an order stating that plaintiff is entitled to 516 days of credit for time served on his three (3) year sentence entered in 13 CR 1798402.

4

22. On February 27, 2015, plaintiff requested in writing that Dorothy Brown's office transmit to the IDOC the information contained in the January 30, 2015, order indicating that plaintiff was to receive credit for time served of 516 days towards the three (3) year sentence entered in 13 CR 1798402. Plaintiff is informed and believes and alleges thereon that Dorothy Brown's office ignored his request and failed to transmit the information contained in the January 30, 2015 order to the IDOC.

23. In the alternative, Dorothy Brown's office did comply with plaintiff's February 27, 2015 request and transmitted to the IDOC the information contained in the January 30, 2015, order indicating that plaintiff was to receive credit for time served of 516 days towards the three (3) year sentence entered in 13 CR 1798402, but Unknown Employees of the IDOC did, with deliberate indifference to plaintiff's constitutional rights, falsely claim to plaintiff that they did not receive this information from Dorothy Brown's Office, and refused to use this information to recalculate plaintiff's "projected out date" to account for time served.

24. On March 27, 2015, plaintiff again requested in writing that Dorothy Brown's office transmit to the IDOC the information contained in the January 30, 2015, order indicating that plaintiff was to receive credit for time served of 516 days towards the three (3) year sentence entered in 13 CR 1798402. Plaintiff is informed and believes and alleges thereon that Dorothy Brown's office ignored his request and failed to transmit the information contained in the January 30, 2015 order to the IDOC.

25. In the alternative, Dorothy Brown's office did comply with plaintiff's March 27, 2015 request and transmitted to the IDOC the information contained in the January 30, 2015, order indicating that plaintiff was to receive credit for time served of 516 days towards the three (3) year sentence entered in 13 CR 1798402, but Unknown Employees of the IDOC did, with deliberate

indifference to plaintiff's constitutional rights, falsely claim to plaintiff that they did not receive this information from Dorothy Brown's Office, and refused to use this information to recalculate plaintiff's "projected out date" to account for time served.

26. Plaintiff was not released from the custody of the IDOC until May 20, 2015.

27. As a result of the failure by Dorothy Brown's Office to transmit to the IDOC the fact that plaintiff was to receive credit for time served on his three (3) year sentence entered in 13 CR 1798402, he was wrongfully incarcerated for approximately 143 days. That is, had plaintiff been properly credited for 337 days of time served he would have been release from the IDOC on or about December 28, 2014.

28. In the alternative, as a result of the deliberate indifference of Unknown Employees of the IDOC who refused to acknowledge sentencing information received from Dorothy Brown's Office and/or refused to recalculate plaintiff's release date plaintiff was unconstitutionally incarcerated for approximately 143 days between December 28, 2014 and May 20, 2015.

29. By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

30. The aforementioned acts of Unknown Employees were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

31. By reason of the above-described acts and omissions of Unknown Employees, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason

thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### Plaintiff Against Unknown Employees for
### WRONGFUL INCARCERATION
### (EIGHTH AMENDMENT)

32. Plaintiff hereby incorporates and realleges paragraphs 1-10, 12-14, 19-20, 23,25-36, and 28-31, hereat as though fully set forth at this place.

33. By reason of the conduct by Unknown Employees Plaintiff was deprived of rights, privileges and immunities secured to him by the Eighth Amendment to the Constitution of the United States and laws enacted thereunder.

34. Defendants violated the Plaintiff's civil rights in the following manner: Plaintiff was wrongfully imprisoned between December 28, 2014 and May 20, 2015. The foregoing was unnecessary, unreasonable, and done with deliberate indifference, and was therefore in violation of Plaintiff's civil rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT II
### Plaintiff Against Dorothy Brown For
### NEGLIGENCE

35. Plaintiff incorporates and alleges paragraphs 1-18, 20-22, 24, 26-27, and 29 hereat as though fully set forth at this place.

36. Pursuant to 730 ILCS 5/5-4-1(e) Dorothy Brown's Office, through its employees, had a ministerial duty to transmit to the IDOC "the number of days, if any, which [plaintiff] has been in custody and for which he is entitled to credit against the sentence …"

37. Dorothy Brown's Office, through its employees, breached this ministerial duty by repeatedly failing to inform the IDOC that plaintiff was entitled to credit for time served on his three (3) year sentence entered in 13 CR 1798402. Dorothy Brown's Office is liable for the breach of this ministerial duty pursuant to the doctrine of respondeat superior.

38. As a proximate cause of the breach of this duty by employees of Dorothy Brown's Office plaintiff was wrongfully imprisoned for approximately 143 days, and as a result sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

## COUNT III
### Plaintiff Against COOK COUNTY For INDEMNIFICATION

39. Plaintiff hereby incorporates and realleges Paragraphs one (1) through thirty eight (38) as though fully set forth at this place.

40. Pursuant to Illinois law COOK COUNTY is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Cook County officer, such as the Clerk of the Circuit Court of Cook County and its employees, acting within the scope of his/her employment is found liable.

41. The acts and/or omissions of the employees of Dorothy Brown's Office and each of them were committed within the scope of their employment.

42. In the event that a judgment for compensatory damages is entered against Dorothy Brown's Office, or its employees, COOK COUNTY must pay the judgment as well as the associated attorneys' fees and costs.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendant Unknown Employees be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than Dorothy Brown and Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com